UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILLIAM CANDOW, an individual; GERI CANDOW, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>DAVID DUST, an individual, CLAYTON COATINGS, INC.; DOES I-X, inclusive, and ROES I-X, inclusive,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

2:11-CV-00343-LRH-GWF

<u>ORDER</u>

   Before the court is Defendant David Dust's Motion for Determination of Good Faith Settlement (#15[1]).  Co-defendant Clayton Coatings, Inc. filed an opposition (#16), and Dust filed a reply (#17).

   This action arises out of a car accident involving plaintiff William Candow and defendant David Dust.  At the time of the accident, Dust was employed by co-defendant Clayton Coatings and was returning to work after his lunch break in his personal vehicle.  In January 2011, Candow and Dust reached a settlement, whereby Candow agreed to release his claims against Dust in exchange for $50,000, which is the policy limit on Dust's insurance policy.  The settlement and release

_____

[1]Refers to court's docket entry number.

pertains only to Candow's claims against Dust; it does not affect Candow's wife's claims, nor the claims against co-defendant Clayton Coatings.

Dust now moves for a declaration that the release was given in good faith, thereby triggering the provisions of NRS § 17.245. Under that statute, Dust would be discharged "from all liability for contribution and for equitable indemnity to any other tortfeasor," while the liability co-defendant Clayton Coatings would be "reduce[d] . . . to the extent of any amount stipulated by the release." *Id.*

Under Nevada law, the determination of "good faith" under NRS § 17.245 is "left to the discretion of the trial court based upon all relevant facts available." *Velsicol Chemical Corp. v. Davidson*, 811 P.2d 561, 563 (Nev. 1991). The factors discussed by this court in *In re MGM Grant Hotel Fire Litig.*, 570 F. Supp. 913, 927 (D. Nev. 1983), may be among the relevant facts a court may choose to consider in the exercise of its "considerable discretion." *The Doctors Co. v. Vincent*, 98 P.3d 681, 686-87 (Nev. 2004). However, Nevada law includes no requirement that a court consider or limit its analysis to the *MGM* factors or hold a hearing before making a determination of good faith. *Velsicol*, 811 P.2d at 563 (expressly declining to adopt the "California rule," contrary to this court's assumption in *MGM*).

Here, Dust contends that a determination of good faith is warranted under the *MGM* factors. Dust represents that the amount paid in settlement is for the amount of his insurance policy limits, that he has no substantial funds from which to contribute to a higher settlement, and that Candow considered this fact in agreeing to take Dust's insurance policy limit in complete settlement of his claims against Dust. Clayton Coatings does not specifically dispute Dust's arguments but requests that the court hold the motion in abeyance for a period of 45 days pending Dust's deposition, after which it would be in a better position to evaluate whether the settlement is in good faith. The court also notes that Dust presents no evidence in support of his factual contentions other than the release, which records the amount of the settlement.

1  Having considered the parties' submissions, the court concludes that holding the motion in

2  abeyance pending further discovery is appropriate.  This will both permit the party affected by a

3  "good faith" determination under NRS § 17.245 to meaningfully respond, and permit the court to

4  consider the motion on a more fully developed record.  The court notes that the parties have

5  submitted a stipulation to extend the discovery deadlines, that the stipulation indicates an ongoing

6  dispute regarding the taking of Dust's deposition, and a hearing on the stipulation is scheduled

7  before the magistrate judge on November 4, 2011.

8  IT IS THEREFORE ORDERED that Defendant David Dust's motion for determination of

9  good faith settlement is hereby held in abeyance pending further discovery.  Defendant Clayton

10  Coatings shall have 45 days to take the deposition of Defendant Dust and submit a supplemental

11  response to the motion.  Defendant David Dust may submit a supplemental reply within 10 days

12  thereafter.

13  IT IS SO ORDERED.

14  DATED this 3rd day of November, 2011.

16  _____

17  LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3