UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| WILLIAM CANDOW, an individual; GERI CANDOW, an individual, | ) ) ) | |
| Plaintiffs, | ) ) | 2:11-CV-00343-LRH-GWF |
| v. | ) ) | ORDER |
| DAVID DUST, an individual, CLAYTON COATINGS, INC.; DOES I-X, inclusive, and ROES I-X, inclusive, | ) ) ) ) | |
| Defendants. | ) ) | |

Before the court is Defendant David Dust's renewed Motion for Determination of Good Faith Settlement (#34[1]). No response has been filed.

This action arises out of a car accident involving plaintiff William Candow and defendant David Dust.  At the time of the accident, Dust was employed by co-defendant Clayton Coatings and was returning to work after his lunch break in his personal vehicle.  In January 2011, Candow and Dust reached a settlement, whereby Candow agreed to release his claims against Dust in exchange for $50,000, which is the policy limit on Dust's insurance policy.  The settlement and release pertains only to Candow's claims against Dust; it does not affect Candow's wife's claims, nor the claims against co-defendant Clayton Coatings.

---

[1] Refers to court's docket entry number.

On July 1, 2011, Dust filed his first motion (#15) seeking a declaration that the release was given in good faith, thereby triggering the provisions of NRS § 17.245.  Under that statute, Dust would be discharged "from all liability for contribution and for equitable indemnity to any other tortfeasor," while the liability co-defendant Clayton Coatings would be "reduce[d] . . . to the extent of any amount stipulated by the release."  *Id.*  Clayton Coatings filed an opposition (#16) requesting that the court hold the motion in abeyance pending further discovery.  On November 3, 2011, this court entered an order (#22) granting Clayton Coatings' request to hold the motion in abeyance to enable Clayton Coatings to more meaningfully respond and to enable the court to assess the motion on a more fully developed record.  The court further noted that Dust presented no evidence in support of his factual contentions other than the release, which records the amount of the settlement.

On December 30, 2011, the court entered a second order (#25) denying the motion without prejudice.  The court noted that no party had submitted any supplementary material, that the discovery deadlines had been extended, and the motion as submitted lacked evidentiary support.  The court also noted that Dust could file a renewed and properly supported motion after appropriate discovery had occurred.

On February 8, 2012, Dust filed a renewed motion for determination of good faith settlement (#34), accompanied by the Dust's affidavit attesting to his financial condition and other relevant matters.  No party has filed a response.

Under Nevada law, the determination of whether a settlement is in "good faith" under NRS § 17.245 is "left to the discretion of the trial court based upon all relevant facts available."  *Velsicol Chemical Corp. v. Davidson*, 811 P.2d 561, 563 (Nev. 1991).  The factors discussed by this court in *In re MGM Grant Hotel Fire Litig.*, 570 F. Supp. 913, 927 (D. Nev. 1983), may be among the relevant facts a court may choose to consider in the exercise of its "considerable discretion."  *The Doctors Co. v. Vincent*, 98 P.3d 681, 686-87 (Nev. 2004).  Such factors include "the amount paid in

settlement, the allocation of the settlement proceeds among plaintiffs, the insurance policy limits of settling defendants, the financial condition of settling defendants, and the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants." *In re MGM*, 570 F. Supp. at 927 (citing *Commercial Union Ins. Co. v. Ford Motor Co.*, 640 F.2d 210 (9th Cir. 1981)). However, Nevada law includes no requirement that a court consider or limit its analysis to the *MGM* factors or hold a hearing before making a determination of good faith. *Velsicol*, 811 P.2d at 563 (expressly declining to adopt the "California rule," contrary to this court's assumption in *MGM*).

Having considered the pertinent factors, the evidence submitted, and the lack of any opposition by the potentially affected parties, the court finds that the settlement between plainitff William Candow and defendant David Dust was made in good faith for purposes of NRS § 17.245. *See also* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.").

IT IS THEREFORE ORDERED that Defendant David Dust's Motion for Determination of Good Faith Settlement (#34) is GRANTED.

IT IS SO ORDERED.

DATED this 11th day of April, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE