UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILLIAM CANDOW, an individual; GERRI CANDOW, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID DUST, an individual; CLAYTON COATINGS, INC., DOES I-X, inclusive; ROES I-X, inclusive, <br><br> Defendants. | 02:11-CV-00343-LRH-GWF <br><br><br> ORDER |

This is a tort action before the court pursuant to diversity jurisdiction, 28 U.S.C. § 1332. Defendant Clayton Coatings, Inc. ("Clayton") has filed a Motion for Summary Judgment (#40[1]), to which plaintiffs William and Gerri Candow have responded (#41), and Clayton has replied (#44). Included within their response, the Candows have filed a Motion for Partial Summary Judgment (#41[2]), to which Clayton has responded (#44), and the Candows have replied (#45).

///

---

[1] Refers to the court's docket number.

[2] The Candows' Motion for Partial Summary Judgment does not conform with Local Rule 56-1, which requires a statement of material facts supported by citations to the evidence upon which the party relies. However, in light of the result below, the court treats this Motion as properly before the court. *See* Local Rule IA 4-1.

## I. Facts and Procedural History

Clayton, an Arizona company, was subcontracted to work on the construction of the Cosmopolitan Casino in Las Vegas, Nevada. Defendant David Dust, also from Arizona, worked for Clayton as a project manager on the construction site. (Defendant's Motion for Summary Judgment ("MSJ") #40, Ex. A, p. 13:2-6.) Part of Dust's job responsibilities included attending meetings at Clayton's Las Vegas offices and at the general contractor's headquarters, located near the work site. (Plaintiffs' Motion for Partial Summary Judgment ("MPSJ") #41, Ex. 1, pp. 63-64.) These locations were a ten- to twelve-minute drive apart, and Dust made the journey about "two to four times a week." (*Id*. at Ex. A, p. 64:5.)

On October 27, 2008, Dust had driven from the Cosmopolitan work site to the Clayton office. (Defendant's MSJ #40 at Ex. A, p 27:2-14.) On his way back to the work site–to attend a meeting at the general contractor's headquarters–he and a co-worker decided to get lunch. (*Id*. at Ex. A, p. 27:19-25.) During lunch, Dust and his co-worked did not discuss business, though Dust answered a few work-related calls. (*Id*. at Ex. A, pp. 28:15-20, 53.)

Dust finished lunch and drove to attend the general contractor's noon-time meeting. (*Id*. at Ex. A, 45:15-16.) He was on a personal cell phone call when he made a left turn into the work site parking lot immediately in front of William Candow. (*Id*. at Ex. A, pp. 32:5-16, 37:12-17.) Candow collided with Dust's truck, suffering serious injuries. (Plaintiffs' MPSJ #41 at p. 4:5-9.)

Clayton now moves for summary judgment at to its vicarious liability for Dust's accident. The Candows also move for summary judgment on this issue. Finally, Clayton moves for summary judgment on the Candows' negligent hiring claim.

## II. Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In assessing a motion for summary judgment, the evidence, together

1  with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable
2  to the party opposing the motion. *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475
3  U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Community Hospital*, 236 F.3d 1148, 1154
4  (9th Cir. 2001).
5        The moving party bears the burden of informing the court of the basis for its motion, along
6  with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*,
7  477 U.S. 317, 323 (1986).  On those issues for which it bears the burden of proof, the moving party
8  must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could
9  find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.
10  1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).
11        To successfully rebut a motion for summary judgment, the non-moving party must point to
12  facts supported by the record which demonstrate a genuine issue of material fact. *Reese v.
13  Jefferson School District No. 14J*, 208 F.3d 736 (9th Cir. 2000).  A "material fact" is a fact "that
14  might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*,
15  477 U.S. 242, 248 (1986).  Where reasonable minds could differ on the material facts at issue,
16  summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983).  A
17  dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable
18  jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248.  The mere
19  existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to
20  establish a genuine dispute; there must be evidence on which the jury could reasonably find for the
21  plaintiff. *See id.* at 252.

**III.   Discussion**

    **A.   Respondeat Superior**

An employer is vicariously liable for the torts of its employee "when the employee is under the control of the employer and when the act is within the scope of employment." *Molino v. Asher*, 618 P.2d 878, 879 (Nev. 1980). "[W]hether an employee was acting within the scope of his or her

employment" is generally a question for the trier of fact.[3] *Kornton v. Conrad, Inc.*, 67 P.3d 316, 317 (2003). The scope-of-employment provision restricts employer liability to conduct that "should be considered as one of the normal risks to be borne by the business." Restatement (Second) of Agency § 229 comment a (1958). In this way, the provision aims at the causal connection between a business's activities and the harm caused. *See, e.g.*, W. Seavey, *Handbook of the Law of Agency* 148 (1964). And "questions of [ ] causation are generally issues of fact left to the trier of fact to resolve." *Desert Valley Construction v. Hurley*, 96 P.3d 739, 741 (Nev. 2004).

Here, the only issue disputed by the parties is whether Dust was within the scope of his employment when he collided with William Candow. On the one hand, Dust was traveling from one business appointment to another. His employment obligations required him to make this trip relatively routinely. On the other hand, Dust stopped for lunch on the way. Though he ate with a business associate, the two did not discuss business. On a third hand, Dust answered business calls during lunch, but a fourth hand reveals that he was on a personal call during the accident. Still more hands could weigh still more competing evidence as to Dust's scope of employment.[4] And where reasonable hands can differ on the material facts at issue, reasonable minds can as well. Therefore, summary judgment as to whether Dust was operating within the scope of his employment at the

---

[3] The Nevada case law adds an addendum to this rule: "[i]ssues of respondeat superior liability, however, may be resolved as a matter of law when evidence of an employee's status at the time of the incident is undisputed." Of course, if the evidence is undisputed, then there is no "genuine dispute" with respect to this evidence, and summary judgment is appropriate (at least where the evidence establishes a material fact). *See Liberty Lobby*, 477 U.S. at 248; *see also Kornton v. Conrad, Inc.*, 67 P.3d 316, 317 (Nev. 2003) (reciting the Nevada standard for summary judgment). Thus, the legal standard for resolution of the scope-of-employment issue at summary judgment is the same with or without this addendum. *See Molino*, 618 P.2d at 879; *Kornton*, 67 P.3d at 317.

[4] For example, Dust was in a foreign and unfamiliar city as a result of his employment. Yet Dust had been in Las Vegas over one year at the time of the accident. (*See* Defendant's MSJ #40 at Ex. A, p. 19:9.) While in Las Vegas, Dust drove his personal vehicle, but he used a company cell phone. (*Id*. at Ex. A, pp. 18:1-2, 16:18-21.) Dust did not have a scheduled lunch break, but he usually took lunch at the same time each day. (*Id*. at Ex. A, p. 20:9-22.) Dust received subsistence payments of $500 per month for food and lodging from Clayton, but he had complete discretion as to how to spend this money. (*Id*. at Ex. A, pp. 16:9-17, 108:18-22.)

time of the accident with Candow is inappropriate. *See See*, 711 F.2d at 143. This result comports not only with the Nevada Supreme Court's admonition to leave the scope-of-employment issue to triers of fact, but also with the corollary admonition to leave questions of causation to triers of fact.[5]

### B. Negligent Hiring

In the Complaint, the Candows asserted a claim against Clayton for the negligent hiring of Dust. However, the Candows have not responded to Clayton's arguments against this claim at summary judgment. Thus, there is no genuine issue of material fact as to the negligent hiring claim. *See Liberty Lobby*, 477 U.S. at 252 (noting that summary judgment is appropriate where there is insufficient evidence to establish a genuine dispute). Therefore summary judgment in favor of Clayton is appropriate.

## IV.  Conclusion

For the foregoing reasons, partial summary judgment is appropriate.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (#40) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Partial Summary Judgment (#41) is DENIED.

IT IS SO ORDERED.

DATED this 27th day of November, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[5] The parties urge summary judgment on the basis of a variety of doctrines, including the "coming and going rule," the "street risk rule," the "dual purpose doctrine," and the newly christened "subsistence receiving rule." All of these doctrines aim at the same thing: determining whether the business's activities caused the alleged harm. As the court has discussed above, a reasonable jury could decide the issue of causation either way.